## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Keith Eric Wood**,

                 Plaintiff.

v                                     Civil Action No.

                                     Judge

**PETER JAKLEVIC**, individually and
in his official capacity as 77th District Court Judge,
**THOMAS LYONS**, individually and
in his official capacity as Mecosta County
Court Administrator, **BRIAN THIEDE**,
individually and in his official capacity as
Mecosta County Prosecutor, **JANET ERLANDSON**,
individually and in her official capacity as
Michigan Department of Natural Resources
Detective, **COUNTY OF MECOSTA** and
THE **STATE OF MICHIGAN**,

                    Defendants.

---

David J. Gilbert (P56956)
Attorney for Plaintiff
306 E. Broadway St., Ste. 3
Mt. Pleasant, MI 48858
(989) 779-8505
djgilbertlaw@gmail.com

---

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

      The Plaintiff, **Keith Eric Wood,** by his attorney, David J. Gilbert, for his

complaint against the defendants herein, respectfully alleges:

## Introduction

This is an action for equitable relief, legal relief and for redress of the violation of rights guaranteed to the plaintiff by state and federal laws, including: (a) damages for deprivations by defendants acting under color of state law of plaintiff's rights, privileges and immunities guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 USC 1983 and 1988; (b) damages for deprivations by defendants of plaintiff's rights, privileges and immunities guaranteed by Article I Sections 2, 3, and 6, of the Michigan State Constitution; and (c) damages based upon common law claims in tort Article III Section 7.

## Jurisdiction and Venue

1.    The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331 and 1343(a)(3). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

2.    Venue is proper in this district pursuant to 28 U.S.C. 1391 because all of the material acts and injuries alleged herein occurred within the Western District Southern Division of Michigan. Such acts include practices and conduct violative of the First, Fourth and Fourteenth Amendments to the United

States Constitution.  In addition, venue is proper in this district pursuant to

28 U.S.C. 1391 because, upon information and belief, defendants' residence

and/or principal place of business is in this judicial district.

## **The Parties**

3.     Plaintiff, Keith Eric Wood, is a citizen of the United States of America,

domiciled in the State of Michigan, a resident of the County of Mecosta.

4.     At all times relevant here, the Plaintiff's occupation was as a commissioned

sales person as well as an educator within the County of Mecosta.

5.     Defendant, Peter Jaklevic, was at all times relevant to this complaint was the

77th District Court Judge for the County of Mecosta, and Defendant Jaklevic

ordered the plaintiff to be arrested and was the policy maker who

formulated, implemented and/or unconstitutionally and unlawfully subverted

plaintiffs freedom of speech and other rights afforded under the U.S.

Constitution and the Michigan Constitution while on a public sidewalk near

to the Mecosta County Courthouse.

6.     Defendant, Thomas Lyons, was/is the Magistrate for the 77th District Court

and the Mecosta County Court Administrator, and while acting in his official

capacity violated his duties as a Magistrate by accepting a plea that is not

within the scope of his jurisdiction and would be bias and prejudice while

working for Judge Jaklevic.

7.    Defendant Lyons conduct violates the rights of individuals who are in conflict with the District Court's policies and are vulnerable and do not have a familiarity with the law and court procedures.

8.    Defendant, Brian Thiede, at all times relevant to this complaint was the Prosecuting Attorney for the County of Mecosta who formulated, implemented and/or ratified the unconstitutional and unlawful policies which were used to prosecute the plaintiff.

9.    Defendant, Janet Erlandson, at all times relevant to the complaint was an employee of the State of Michigan and the assisting Department of Nature Resources Detective supporting the above in the implementation and unconstitutional arrest and detention of plaintiff violating his rights.

10.   Defendant, County of Mecosta, at all times relevant was the municipal defendant that hired, paid, retained employed several of the defendants, who abused their authority, knowing they were depriving an individual of his rights afforded him under the U.S. Constitution and the Michigan Constitution.

11.   Defendant, the State of Michigan, at all times relevant was the defendant that hired, paid, retained employed defendant, Erlandson, who abused her

authority, knowing that she was depriving an individual of his rights afforded him under the U.S. Constitution and the Michigan Constitution.

## <u>Statement of Facts</u>

12. On November 24, 2015, plaintiff was standing on a public sidewalk, in front of the Mecosta County Courthouse, handing out "Juror Rights" pamphlets to anyone who would receive them.

13. Plaintiff gave said pamphlets to several persons who passed him on the public sidewalk.  A pamphlet was also given to a known court employee who had a lanyard around her neck with an ID badge; as well as an Amish man who was walking up the sidewalk, toward plaintiff.

14. While plaintiff was exercising his right of free speech, Defendant, Lyons, came out of the Mecosta County Courthouse and down some of the stairs, to speak with plaintiff.

15. Remaining on the stairs of the Courthouse, Defendant, Lyons, attempted to speak with the plaintiff who could not hear what this defendant was saying.

16. After plaintiff realized that Defendant, Lyons, was speaking to him, plaintiff asked who he was, to-wit; Defendant, Lyons, replied, "I'm the Magistrate."

17. After plaintiff inquiring what this defendant's name was, said defendant went back into the Courthouse.

18.   Shortly thereafter, Defendant, Erlandson, an officer with the DNR came
       down the stairs to speak with plaintiff.

19.   Defendant, Erlandson, informed the plaintiff that the judge wanted to talk
       with him and instructed plaintiff to go into the courthouse.

20.   Plaintiff asked Defendant, Erlandson, if he was being detained.

21.   Defendant, Erlandson, stated the plaintiff was not being detained.

22.   In response to Defendant, Erlandson's statement, plaintiff asserted his right
       to remain where he was standing saying, "If I am not being detained, then
       I'm free to go and I'm also free to stay."  Plaintiff was on the public
       sidewalk in front of the Mecosta County Courthouse.

23.   In response to plaintiff's statement Defendant, Erlandson, insisted plaintiff
       go inside the Courthouse to speak with the judge and plaintiff responded,
       "The judge can come outside and speak with me."

24.   As plaintiff was asserting his right to stand on a public sidewalk, having
       been informed that he was not being detained, a deputy with the Mecosta
       County Sheriff's Department appeared at the top of the stairs to the
       Courthouse.

25.   The deputy instructed plaintiff to come inside the Courthouse to talk with
       the judge.

26. Plaintiff then asked this deputy if he was being detained, and the deputy replied, "No, not yet."

27. Plaintiff once again asserted his right saying, "I will stay here since I am not being detained."

28. The deputy then stated he would call the Big Rapids City Police to have plaintiff arrested if he did not come inside to speak with the judge.

29. Plaintiff having been threatened with this misconduct by a Mecosta County Deputy went into the Courthouse escorted by Defendant, Erlandson, with her forearm near the middle of plaintiff's back as if to coral Plaintiff toward the courthouse steps.

30. Once in the hallway of the Courthouse, Defendant Erlandson's, arm was again pressed in the plaintiff's back to guide plaintiff where she wanted him to go.

31. Plaintiff again asked if he was being detained and Defendant, Erlandson, replied, "No, you are not being detained."

32. Plaintiff then asserted his right not to be forcefully touched by Defendant, Erlandson, who continued to pressure Plaintiff down the hallway by using her arm on Plaintiffs back.

33. Plaintiff, a court bailiff and Defendant, Erlandson, then stood in a hallway of the Courthouse waiting for the judge.

34.    Shortly thereafter, Defendant, Jaklevic, District Court Judge, entered the hallway and proceeded to order the deputy to place the plaintiff under arrest for jury tampering.

35.    A court bailiff and Defendant, Erlandson, placed handcuffs on the plaintiff and escorted plaintiff to the county jail at approximately 9 a.m.

36.    Plaintiff was arraigned at approximately 5 p.m. by Defendant, Lyons, on November 24, 2015.  Bond was set at $150,000.00.

37.     Plaintiff was released from custody after posting bond at approximately 9 p.m. by paying $15,000.00 on his credit card.

38.    Plaintiff was detained, arrested and jailed for over 12 hours before being arraigned.

39.    Defendant, Thiede, under color of state law prosecuted plaintiff for jury tampering.

40.    Plaintiff was tried and convicted of jury tampering, said conviction was upheld on appeal by the Michigan Court of Appeals; however, the Michigan Supreme Court held that pursuant to MCL 750.120 a (1), a jury only includes those individuals who have been selected and sworn in as jurors and not individuals that are merely summoned for jury duty who have not yet participated in a case.

41.     Prior to plaintiff's conviction being overturned by the Michigan Supreme

        Court, plaintiff was jailed for three (3) weekends - 144 hours for jury

        tampering.

### Count I
### First Amendment Violation

42.     Plaintiff incorporates by reference herein all paragraphs set forth above.

43.     All of the defendants in this case, acting under color of state law,

        participated in the plaintiff being taken into custody and prosecuted for jury

        tampering.

44.     The policies and conduct of these defendants prevented and/or inhibited

        plaintiff from speaking out about matters he believed to be of public concern

        while on public property and said conduct constitutes a violation of

        plaintiff's right to free speech in violation of the First Amendment to the

        United States Constitution.

45.     All of the defendants conduct was willful, malicious, knowingly,

        intentionally and/or with reckless disregard of the consequences of their

        actions. Accordingly, plaintiff is entitled to an award of punitive damages.

46.     As a direct and proximate result of the unlawful policies and acts of the

        defendants described herein, the plaintiff has incurred economic damage

        including a loss of gainful employment and damage to his reputation and

still suffers psychiatric harm.  These injuries, plaintiff's damages herein, exceed the jurisdictional monetary threshold of the Court, the specific amount shall be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants in an amount consistent with the damages sustained including attorney fees, costs and disbursements.

## Count II
## Fourth Amendment Violation

47.    Plaintiff incorporates by reference herein all paragraphs set forth above.

48.    The policies and conduct of all of the defendants violated plaintiff's right to be free of unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution.

49.    All of the defendants conduct was willful, malicious, knowingly, intentionally and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

50.    As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including a loss of gainful employment and damage to his reputation and still suffers psychiatric harm.  These injuries, plaintiff's damages herein,

exceed the jurisdictional monetary threshold of the Court, the specific

amount shall be proven at trial, plus reasonable attorneys' fees, costs and

disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants

in an amount consistent with the damages sustained including attorney fees, costs

and disbursements.

## Count III
## Fourteenth Amendment Violation

51.    Plaintiff incorporates by reference herein all paragraphs set forth above.

52.    The policies and intentional conduct of all of the defendants in furtherance

       of a political vendetta deprived the plaintiff of his right to equal protection of

       the laws in violation of the Fourteenth Amendment to the United States

       Constitution.

53.    All of the defendants conduct was willful, malicious, knowingly,

       intentionally and/or with reckless disregard of the consequences of their

       actions. Accordingly, plaintiff is entitled to an award of punitive damages.

54.    As a direct and proximate result of the unlawful policies and acts of the

       defendants described herein, the plaintiff has incurred economic damage

       including a loss of gainful employment and damage to his reputation and

       still suffers psychiatric harm.  These injuries, plaintiff's damages herein,

exceed the jurisdictional monetary threshold of the Court, the specific

amount shall be proven at trial, plus reasonable attorneys' fees, costs and

disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants

in an amount consistent with the damages sustained including attorney fees, costs

and disbursements.

## Count IV
## State of Michigan Constitutional Tort-Free Speech

55.  Plaintiff incorporates by reference herein all paragraphs set forth above.

56.  The policies and conduct of all of the defendants prevented or inhibited

plaintiff from speaking out about matters of public concern, and seeking

remedy in the court system and constitute a violation of the plaintiff's right

to free speech a violation of Article 1, Section 6 of the Michigan

Constitution which states, "Every person may freely speak, write, express

and publish his views on all subjects, being responsible for the abuse of such

right; and no law shall be enacted to restrain or abridge the liberty of speech

or of the press."

57.  All of the Defendants conduct was willful, malicious, knowingly,

intentionally and/or with reckless disregard of the consequences of their

actions. Accordingly, plaintiff is entitled to an award of punitive damages.

58.     As a direct and proximate result of the unlawful policies and acts of the

defendants described herein, the plaintiff has incurred economic damage

including a loss of gainful employment and damage to his reputation and

still suffers psychiatric harm.  These injuries, plaintiff's damages herein,

exceed the jurisdictional monetary threshold of the Court, the specific

amount shall be proven at trial, plus reasonable attorneys' fees, costs and

disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants

in an amount consistent with the damages sustained including attorney fees, costs

and disbursements.

## Count V
## State of Michigan, Constitutional Tort-Equal Protection

59.     Plaintiff incorporates by reference herein all paragraphs set forth above.

60.     The policies and conduct of all of the defendants deprived the plaintiff of his

right to equal protection of the law under Article I Section 2 of the Michigan

Constitution.  "No person shall be denied the *equal protection of the laws*;

nor shall any person be denied the enjoyment of his civil or political rights

or be discriminated against in the exercise thereof because of religion, race,

color or national origin". Emphasis added by the Court.

61.   All of the defendants conduct was willful, malicious, knowingly, intentionally and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

62.   As a direct and proximate result of the unlawful policies and intentional acts of the defendants in furtherance of personal or political vendettas described herein, the plaintiff has incurred economic damage including a loss of gainful employment and damage to his reputation and still suffers psychiatric harm.  These injuries, plaintiff's damages herein, exceed the jurisdictional monetary threshold of the Court, the specific amount shall be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants in an amount consistent with the damages sustained including attorney fees, costs and disbursements.

## COUNT VI
## STATE OF MICHIGAN, CONSTITUTIONAL TORT-SEARCH & SEIZURE

63.   Plaintiff incorporates by reference herein all paragraphs set forth above.

64.   The policies and conduct of all of the defendants violated plaintiff's right to be free of unreasonable searches and seizures in violation of Article I Section 11 "The person, houses, papers, possessions, electronic data, and

electronic communications of every person shall be secure from

unreasonable searches and seizures".

65.   All of the defendants conduct was willful, malicious, knowingly,

intentionally and/or with reckless disregard of the consequences of their

actions. Accordingly, plaintiff is entitled to an award of punitive damages.

66.   As a direct and proximate result of the unlawful policies and acts of the

defendants described herein, the plaintiff has incurred economic damage

including a loss of gainful employment and damage to his reputation and

still suffers psychiatric harm.  These injuries, plaintiff's damages herein,

exceed the jurisdictional monetary threshold of the Court, the specific

amount shall be proven at trial, plus reasonable attorneys' fees, costs and

disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants

in an amount consistent with the damages sustained including attorney fees, costs

and disbursements.

## Count VII
## Malicious Prosecution

67.   Plaintiff incorporates by reference herein all paragraphs set forth above.

68.   Defendants, Jaklevic, Lyons, Thiede, the County of Mecosta and The State

of Michigan lacked any probable cause to believe that plaintiff, who was on

a public sidewalk, exercising his right to free speech, had committed any criminal act.

69. The conduct of these defendants constituted malicious prosecution because it was carried out in pursuit of a personal vendetta and without any basis in law or fact and without sufficient factual information.

70. All of these defendants conduct was willful, malicious, knowingly, intentionally and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

71. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including a loss of gainful employment and damage to his reputation (i.e embarrassment and humiliation) and still suffers psychiatric harm.  These injuries, plaintiff's damages herein, exceed the jurisdictional monetary threshold of the Court, the specific amount shall be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants in an amount consistent with the damages sustained including attorney fees, costs and disbursements.

## **Count VIII**
## **False Imprisonment on 11-24-15**

72.     Plaintiff incorporates by reference herein all paragraphs set forth above.

73.     The arrest of plaintiff, directed or conducted by defendants, Jaklevic, Lyons
        and Erlandson was a physical restraint of the plaintiff and deprived him of
        his personal liberty and freedom of movement for a period of well over 11
        hours, all with the intention of confining the plaintiff.

74.     Plaintiff was conscious of his confinement at all relevant times.

75.     These defendants' actions directly resulted in the actual confinement of
        plaintiff.

76.     The imprisonment and restraint was against plaintiff's will.

77.     Defendants accomplished the imprisonment and restraint by actual physical
        force, and the deprivation of plaintiff's liberty and freedom was intentional,
        unlawful, unprivileged and without probable cause.

78.     In addition to the initial restraint and deprivation of personal liberty and
        freedom of movement being unreasonable, the continued detention and
        investigation was unreasonable.

79.     As a direct and proximate result of Defendants' false imprisonment,
        detention and investigation, plaintiff has suffered injury and damage
        including the following:

a. Physical injuries
b. Pain, suffering and emotional distress
c. Lost wages
d. Posttraumatic stress disorder
e. Injuries to his reputation leading to pecuniary loss
f. Humiliation, mortification and embarrassment
g. Other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants in an amount consistent with the damages sustained together with interest, costs, reasonable attorney fees and other relief that the Court deems just under the circumstances.

## Count IX
## False Imprisonment Post Conviction

80. Plaintiff incorporates by reference herein all paragraphs set forth above.

81. The prosecution and conviction of plaintiff, directed or conducted by defendant, Thiede, was a physical restraint of the plaintiff and deprived him of his personal liberty and freedom of movement for three (3) post conviction weekends, all with the intention of confining the plaintiff.

82. Plaintiff was conscious of his confinement at all relevant times.

83. Defendant's action directly resulted in the actual confinement of plaintiff.

84. The imprisonment and restraint was against plaintiff's will.

85.  Defendant accomplished the imprisonment and restraint by actual physical force, and the deprivation of plaintiff's liberty and freedom was intentional, unlawful, unprivileged and without probable cause.

86.  In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention was unreasonable.

87.  As a direct and proximate result of Defendants' false imprisonment, detention and investigation, plaintiff has suffered injury and damage including the following:

   a.  Physical injuries
   b.  Pain, suffering and emotional distress
   c.  Lost wages
   d.  Posttraumatic stress disorder
   e.  Injuries to his reputation leading to pecuniary loss
   f.  Humiliation, mortification and embarrassment
   g.  Other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants in an amount consistent with the damages sustained together with interest, costs, reasonable attorney fees and other relief that the Court deems just under the circumstances.

## Count IX
## Intentional Infliction of Emotional Distress

88.     Plaintiff incorporates by reference herein all paragraphs set forth above.

89.     As a direct and proximate result of the intentional acts of all of the
defendants, a violation of their Oath of Office, and carried out in pursuit of a
personal vendetta and without sufficient factual information, plaintiff has
been harmed as outlined above as well as disabling shock, distress, anguish,
sorrow, depression and loss of enjoyment of life.

90.     The aforesaid physical and psychological injuries sustained by plaintiff were
caused wholly by reason of the intentional acts of the defendants.

91.     Defendants' conduct as outlined above was extreme, outrageous and of a
character not to be tolerated by a civilized society.

92.     The defendants acted with specific intent to oppress and harm plaintiff, and
as a result plaintiff is entitled to damages in an amount which exceeds the
jurisdictional monetary threshold of the Court, the specific amount to be
proven at trial.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants
in an amount consistent with the damages sustained including attorney fees, costs
and disbursements.

## Count X
## Violation of 42 U.S.C. 1985
## Conspiracies to Interfere with Civil Rights

93.    Plaintiff incorporates by reference herein all paragraphs set forth above.

94.    All of the defendants conspired with each other for the purpose of depriving the plaintiff of the equal protection of the laws of The State of Michigan and the United States of America.

95.    Conduct set forth above evidences the defendants' acts to further that conspiracy.

96.    The plaintiff was injured as a result of the defendants' misconduct.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants in an amount consistent with the damages sustained including attorney fees, costs and disbursements.

## Count XI
## Injunctive Relief

97.    Plaintiff incorporates by reference herein all paragraphs set forth above.

98.    The policies of Defendants, The State of Michigan, County of Mecosta and Prosecutor, Thiede, remain in effect, and continue to deprive and/or chill federal constitutional rights, state constitutional rights and state statutory rights of all similarly situated individuals.  Accordingly, the policies should be preliminarily and permanently enjoined.

99.     In order to counter the unlawful policies described herein, the named

defendants and all other municipal employees must be trained and educated

in order to protect the constitutional, statutory and common law rights of the

men and women of Mecosta County and The State of Michigan.

**PLAINTIFF REQUESTS** that this Court enter an order that:

1st.     That Defendants, County of Mecosta, The State of Michigan and Prosecutor

Thiede, or any other individual(s), are permanently enjoined from enforcing any

customs, policies, patters and/or practices as described herein that violate

constitutional rights;

2nd.    That Defendants, County of Mecosta, The State of Michigan and Prosecutor

Thiede, or any other individual(s), are permanently enjoined from taking any

further retaliatory actions against this plaintiff for exercising his constitutional

rights;

3rd.    That this Court retain jurisdiction over this action and order Defendants,

County of Mecosta, The State of Michigan and Prosecutor Thiede, or any other

individual(s), to implement and enforce proper policies and practices including

appropriate training and supervision to protect employees and individuals from

infringing on constitutional rights;

4th.    That the Court award plaintiff the full amount of compensatory damages, the

specific amount to be proven at trial, against these defendants jointly and severally.

## Count XII
## Violation of 42 U.S.C. 1983-Malicious Threats

100.    Plaintiff incorporates by reference herein all paragraphs set forth above.

101.    The wrongful acts conducted by Defendants, Jaklevic, Lyons, Thiede,

Erlandson, the County of Mecosta and The State of Michigan, and those yet

unnamed, singularly and collectively moved under the color of law, within

the halls of the Mecosta County Building to advance the conspiratorial

designs of the elected and appointed officers of the public trust, their

officers, agents, servants, and employees, as alleged herein, that were

conducted under color and pretense of the statutes, ordinances, regulations,

customs, or usages within the County of Mecosta and The State of

Michigan.

102.    At all times relevant herein, the conduct of the Defendants individually,

jointly and severally were subject to 42 U.S.C. sections. 1983, 1985, 1986,

and 1988.

103.     Acting under the color of law, the defendants denied Plaintiffs rights,

privileges or immunities secured by the United States Constitution or by

federal law, to wit:

    a.  Depriving plaintiff of his liberty without due process of law;

    b.  Conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny plaintiff equal protection of laws; and

    c.  Refusing or neglecting to prevent such deprivations and denials to plaintiff thereby depriving him of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

104.  As a result of the unlawful and malicious threats by Defendant, Lyon, at arraignment, plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the law where the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

105.  Plaintiff suffered punitive damages under sec. 1983 by way of these defendants' conduct being motivated by an evil motive or intent, and/or involves reckless or callous indifference to plaintiff's federally protected rights.

106.  Defendants are personally liable for damages in excess of $250,000.00 under the color of law and violation of their oath of office for abuse of power, conspiracy and violation of due process.

107.  The defendants acted with specific intent to oppress and harm plaintiff, and as a result plaintiff is entitled to damages in an amount which exceeds the

jurisdictional monetary threshold of the Court, the specific amount shall be

proven at trial, plus reasonable attorney fees, costs and disbursements.

**PLAINTIFF REQUESTS** that this Court enter a judgment against the defendants

in an amount consistent with the damages sustained including attorney fees, costs

and disbursements.

## Count XIII
## Violation of Oath of Office

108.    Plaintiff incorporates by reference herein all paragraphs set forth above.

109.    The oath of office is a major part of the public servants contract obligations.

The only thing in the oath that an officer is sworn to do is uphold and protect

the constitution.

110.    Pursuant to Article XI, Public Officers and Employment § 1 Oath of Public

Officers under The Michigan Constitution, Defendants, Jaklevic, Lyons,

Thiede and Erlandson are required by oath of affirmation, to support and

defend plaintiff's constitutional rights when or where they claim to have

jurisdiction over or official duties with the plaintiff.

111.    These defendants have failed to uphold their sworn duty as mentioned and

have stepped beyond the bounds of their office and are liable as a private

person for all trespass.

112.   Pursuant to *Millbrook v. United States*, 4778 Fed. Appx. 4, these defendants

conduct, or failure to perform, are actionable as a violation of their oath of

office.

113.   These defendants acted maliciously and with specific intent to oppress and

harm plaintiff, and as a result plaintiff is entitled to damages in an amount

which exceeds the jurisdictional monetary threshold of the Court, the

specific amount shall be proven at trial.

**PLAINTIFF REQUESTS** that this Court use its equitable powers to find these

defendants personally liable for damages in excess of $250,000.00 under the color

of law and violation of their oath of office for abuse of power, conspiracy and

violation of plaintiff's due process including attorney fees, costs and

disbursements.

## <u>PRAYER FOR RELIEF</u>

**PLAINTIFF REQUESTS** that this Court enter a judgment that:

1st.   Permanently enjoining defendants from enforcing their customs, policies,

patterns and practices as described herein that violate constitutional rights;

2nd   Permanently enjoining defendants from taking any further retaliatory actions

against plaintiff for exercising his constitutional rights;

3rd.   The Court retain jurisdiction over this action and order the defendants to

implement and enforce proper policies and practices including appropriate training

and supervision to protect employees and individuals from infringement of their

constitutional rights;

4th.    Awards the plaintiff the full amount of compensatory damages as proven at

trial, against all defendants' jointly and severally;

5th.    Awards the full amount of punitive damages that the jury determines to be

appropriate;

6th.    Awards plaintiff his reasonable attorneys' fees, costs and disbursements; and

7th.    Grants plaintiff such other and further relief as the Court seems just and

proper.

## Jury Demand

The plaintiff demands a trial by jury of all issues so triable pursuant to Rule

38 of the Federal Rules of Civil Procedure.

Respectfully submitted:

Dated: November 16, 2021                    /s/ David J. Gilbert
                                            David J. Gilbert, (P56956)
                                            306 E. Broadway Street, Ste. #3
                                            Mt. Pleasant, MI 48858
                                            989.749.8505
                                            djgilbertlaw@gmail.com

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL CIVIL RULE 7.2(ʙ)(ɪ)

I certify that the above Complaint is 5064 words in length including all headings, footnotes, citations, and quotations. This Complaint was created using Microsoft Word.

*/s/ David J. Gilbert*
David J. Gilbert (P56956)


## CERTIFICATE OF SERVICE

I certify that on November 16, 2021, I electronically filed the foregoing papers with the Clerk of the Court UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION using the ECF system, which will provide electronic copies to counsel of record, and I certify that my assistant has mailed by U.S. Postal Service the papers to any non-ECF participant.

*/s/ David J. Gilbert*
David J. Gilbert, (P56956)
306 E. Broadway Street, Ste. #3
Mt. Pleasant, MI 48858
989.749.8505
djgilbertlaw@gmail.com